IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Dominic DEBELLIS, | |
| Plaintiff, | Civil No. 16-382 (RBK/AMD) |
| v. | **Opinion** |
| Heather HOLLAHAN, et al., | |
| Defendant(s). | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff Dominic DeBellis's Complaint against Defendants Heather Hollahan and Hollahan Stables, LLC asserting claims for specific performance, breach of contract, conversion, fraud, theft, slander, libel, and defamation (Doc. No. 1). Currently before the Court is Plaintiff's Motion for Summary Judgment (Doc. No. 27). For the reasons expressed below, Plaintiff's Motion is **DENIED**.

**I. BACKGROUND**

**A. Factual Background**

Around February 2015, Plaintiff and Defendant entered into discussions for Defendant to give or sell three mares to Plaintiff. *See* Defs.'s Answer, Affirmative Defenses, and Countercl. at 9.[1] In exchange for the horses, Plaintiff claims, he was to pay James Nobel a finder's fee of

---

[1] To the extent the parties agree on particular facts, the Court will cite Plaintiff's Statement of Material Facts and Defendants' Response to Plaintiff's Statement of Material Facts. Otherwise, the Court will rely on the record for disputed facts.

$500.00 per horse.[2] Defendant by contrast contends that she intended to give Defendant the mares and made no agreement as to the $1500.00 Defendant paid Mr. Noble. Defs.'s Opp'n, Hollahan Decl. ¶¶ 1, 9. The parties continued to discuss the horses throughout February and March 2015, including health certifications, blood tests, arrangements for transport, and the costs of board while awaiting shipment. *See* Pl.'s Statement of Material Facts ("SMF") ¶¶ 7, 8, 11. At one point, Defendant sent to Plaintiff health certificates and blood test results for the horses and forwarded to Mr. Nobel registration papers. *Id.* ¶ 7; Defs.'s Opp'n, Hollahan Decl. ¶ 6. During these conversations, Plaintiff also informed Defendant that he was purchasing insurance for the mares. Pl.'s Mot. Summ. J., Ex. D.

On March 19, 2015, Defendant invoiced Plaintiff the amount of $2570.00 for the costs of boarding and health certifications. *See* Defs.'s Opp'n, Hollahan Decl. Plaintiff claims he then deposited $2310.00 to Defendant's account, but Defendant disputes ever receiving that sum. Pl.'s Mot. Summ. J., Ex. G; Defs.'s Opp'n, Hollahan Decl. ¶¶ 5, 14. By the end of that day, Defendant claims she changed her mind on giving Plaintiff the mares; she no longer wanted to do so because Plaintiff had threatened regulatory action against her and misrepresented the living conditions at his farm. Defs.'s Opp'n, Hollahan Decl. ¶¶ 4, 7. Plaintiff asserts that Defendant reneged on the agreement because she suddenly discovered one of the horses might have value. Pl.'s SMF ¶ 15. As a result of alleged breach, Plaintiff claims losing the costs of the insurance he purchased, breeding contracts he made, and standing in the community. *Id.* ¶¶ 18–20.

---

[2] Plaintiff cites no part of the record to support this factual assertion, in clear contravention of Local Civil Rule 56.1, and the Court will not accept this fact as undisputed in resolving the Motion.

### B. Procedural History

Plaintiff brought a Complaint on January 22, 2016 (Doc. No. 1), and Defendants filed an Answer and Counterclaim on February 15, 2016 (Doc. No. 5). On November 10, 2016, before the close of discovery, Plaintiff filed the present Motion for Summary Judgment (Doc. No. 27).

## II. LEGAL STANDARD

The Court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Az. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in its favor. *Id.* at 255; *Matsushita*, 475 U.S. at 587. However, the court should not adopt a version of the facts that is "blatantly contradicted by the record, so that no reasonable jury could believe it." *Blaylock v. City of Phila.*, 504 F.3d 405, 413 (3d Cir. 2007). "If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986).

## III. DISCUSSION

Under New Jersey law, a plaintiff must establish the following elements to state a claim for breach of contract: "(1) the existence of a valid contract between the parties; (2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages." *Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013). No valid contract exists unless a party alleges four elements: (1) a meeting of the minds; (2) an offer and acceptance; (3) consideration; (4) reasonably certain contract terms. *See Weichert Co. Realtors v. Ryan*, 608 A.2d 280, 284 (N.J. 1992); *Am. Furniture Mfg. Inc. v. Value Furniture & Mattress Warehouse*, 2009 WL 88922, at *2 (N.J. Super. Ct. App. Div. Nov. 18, 2008). Consideration is "a bargained-for exchange of promises or performance." *Shebar v. Sanyo Bus. Sys. Corp.*, 544 A.2d 377, 383 (N.J. 1988). It is blackletter law that a gratuity without consideration does not form a contract. *See Rex Distribs. v. Jensen & Mitchell*, 21 A.2d 327, 328 (N.J. 1941).

Plaintiff presents the Court with various documents in attempting to show a valid contract, but the evidence is wanting. As a preliminary matter, the Court notes that Plaintiff's Statement of Facts contains numerous deficiencies, some quite significant. The filing, at multiple points, states facts without citing to the record, cites exhibits that do not support the relevant fact, contains legal arguments, and makes conclusions of law. *See, e.g.*, Pl.'s SMF ¶¶ 4, 5, 6, 15, 23, 24, 27, 28, 29, 30. The Court will disregard these statements and also reminds Counsel of its duty to follow the rules of practice.

As for the undisputed facts, they are not nearly enough to support a grant of summary judgment for Plaintiff. To prove there is a valid contract, Plaintiff relies on a series of text

message exchanges.[3] Nowhere in the text conversation, however, do the parties reference Plaintiff's theory that he paid Mr. Nobel $1500.00 as the bargained-for performance in return for Defendants' horses. It is thus unclear whether there was consideration or contract terms that were certain. Plaintiff also argues that Defendant used terms like "arrangement" during their conversations. Merely employing certain words, in the absence of a valid legal agreement however, is not sufficient to establish a breach of contract claim.

Plaintiff also appears to argue that the parties agreed for Plaintiff to pay Defendant $2310.00 for the horses, although the Court is unclear whether this is the same or an additional agreement to the finder's fee. Plaintiff submits a copy of a deposit slip for $2310.00, but Defendant asked why it was sent and objected, "The deposit isn't even the right amount. . . . I never agreed to 2310." Thus, Plaintiff fails to show there was ever a meeting of the minds, and the Court does not find there was a valid contract of $2310.00.

Summary judgment is furthermore inappropriate given the failure to satisfy the Statute of Frauds. Under the Statute of Frauds, in order for a contract or a contract modification to be enforceable for a sale of goods totaling more than $500, the contract must: (1) be in writing, (2) indicate a contract for sale between the parties, and (3) be signed by the party against whom enforcement is sought. N.J. Stat. Ann. §§ 12A:2-201, 12A:2-209. Plaintiff presents no written contract that indicates a sale between the parties and bears Defendants' signature. Plaintiff's counterarguments fully miss the mark. The text messages are not an adequate writing, and the contention that gratuitous transfers are outside the Statute of Frauds contradicts the requirement

---

[3] Apart from their substance, the Court notes the text messages may not be admissible. Fed. R. Civ. Pro. 56(c)(2). They are attached as an exhibit to Plaintiff counsel Andrew Cupit's Certification, but nowhere therein does he state that they are a true and correct copy. In addition, the text messages are not authenticated according to Federal Rule of Evidence 901. However, because Defendants do not object to their admissibility, this Court will nonetheless consider them as evidence for the scope of this Motion.

that an agreement involve consideration to be enforceable. For this reason also, the Court denies Plaintiff's Motion for Summary Judgment.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's Motion for Summary Judgment is **DENIED**.

Dated: 6/8/2017                                             s/ Robert B. Kugler

                                                                                                  ROBERT B. KUGLER

                                                                                                  United State District Judge